

# Fourth Court of Appeals
## San Antonio, Texas

### MEMORANDUM OPINION

No. 04-17-00196-CV

**ALAMO COMMUNITY COLLEGE DISTRICT** D/B/A Alamo Colleges,
Appellant

v.

Douglas **RYAN**,
Appellee

From the 131st Judicial District Court, Bexar County, Texas
Trial Court No. 2013-CI-18732
Honorable Renée Yanta, Judge Presiding

Opinion by:     Luz Elena D. Chapa, Justice

Sitting:          Marialyn Barnard, Justice
                  Rebeca C. Martinez, Justice
                  Luz Elena D. Chapa, Justice

Delivered and Filed: November 1, 2017

REVERSED AND RENDERED

  This is an accelerated interlocutory appeal from the trial court's order partially denying Alamo Community College District's (ACCD) motion for summary judgment on Douglas Ryan's employment discrimination claims. We hold ACCD conclusively established the trial court lacked subject matter jurisdiction over the claims because Ryan's charge of discrimination was not filed within 180 days after the alleged unlawful employment practice occurred. Accordingly, we reverse the trial court's order and render judgment dismissing Ryan's suit for lack of jurisdiction.

## BACKGROUND

ACCD is a junior college district comprised of five colleges, including Northwest Vista College. Ryan was appointed to a full-time probationary faculty position at Northwest Vista College in 2008. A year later, Ryan was placed on tenure track, also a probationary position. Ryan's performance was evaluated yearly, and his nine-month contract was renewed each academic year until 2012.

In 2012, Ryan's supervisors recommended his contract not be renewed. The recommendation was based on Ryan's performance evaluations, disciplinary action due to "problematic interpersonal relations," and Ryan's alleged failure to take remedial steps to address these issues. On June 28, 2012, Dr. Jacqueline Claunch, the president of Northwest Vista College, sent Ryan a letter notifying him that his probationary faculty appointment with Northwest Vista College would not be renewed. The letter stated Ryan was being offered a "terminal year contract" for the 2012-2013 academic year. The letter advised that if Ryan accepted the terminal year contract, his "Alamo Colleges employment will cease upon completion of the Spring 2013 semester" and, pursuant to ACCD Procedure D.2.5.1, Ryan would "not be eligible for adjunct appointment following non-renewal of [his] probationary appointment." Ryan received the letter from Dr. Claunch on July 5, 2012. He accepted the terminal contract for the 2012-13 academic year, but he also filed an administrative appeal or grievance of the notification of nonrenewal. On September 27, 2012, Dr. Bruce Leslie, Chancellor of ACCD, ruled that "the non-renewal decision is not reversed."

Ryan sent a complaint letter to the Equal Employment Opportunity Commission (EEOC) on January 31, 2013, and on March 8, 2013, he filed a charge of discrimination with the Texas Workforce Commission-Civil Rights Division (TWC). Both documents asserted Ryan received notice of the employment decisions on July 5, 2012. And both documents complained of the non-

renewal, the terminal year contract, and the ineligibility for future appointment as an adjunct, alleging these actions discriminated against him on the bases of race, gender, and age. After receiving right to sue notices from the EEOC and the TWC, Ryan filed suit.

Ryan's petition alleged ACCD committed an unlawful employment practice by discriminating against him on the basis of sex, race, and age, and alleged claims only under the Texas Commission on Human Rights Act (TCHRA). ACCD filed a motion for summary judgment on multiple grounds, including lack of subject matter jurisdiction. ACCD asserted that Ryan failed to file an administrative complaint alleging discrimination within 180 days of the adverse employment action and that compliance with the filing deadline is a jurisdictional prerequisite to suit. *See id.* TEX. LABOR CODE ANN. § 21.202 (West 2015). Ryan's response to the jurisdictional challenge in the motion for summary judgment asserted that Dr. Claunch's June 28, 2012 letter was merely a "proposal" or a "notice of an intended adverse action." Ryan argued that because he grieved the notice by appealing to the chancellor, "[t]he action did not become an adverse action until the Chancellor denied his grievance on September 27, 2012," and his administrative charge of discrimination was timely filed within 180 days of that action.

After a hearing solely on the jurisdictional ground asserted in ACCD's motion for summary judgment, the trial court signed an order partially granting the motion. The order states that ACCD's motion for summary judgment "is GRANTED as to all claims EXCEPT Plaintiff Douglas Ryan's claim that Alamo Community College District violated the Texas Labor Code by barring Plaintiff Douglas Ryan from being employed as an instructor at all Alamo Community College District campuses, not just the Northwest Vista Campus." ACCD filed a timely interlocutory appeal of the order that partially denied the jurisdictional ground in its motion for summary

judgment.[1] *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.014(a)(8) (West Supp. 2016); *Thomas v. Long*, 207 S.W.3d 334, 339-40 (Tex. 2006).

## DISCUSSION

The sole issue before us is the trial court's summary judgment ruling that it has jurisdiction over Ryan's claim. We review a summary judgment de novo, taking as true all evidence favorable to the respondent and indulging all reasonable inferences and resolving any doubts in the respondent's favor. *Provident Life & Acc. Ins. v. Knott*, 128 S.W.3d 211, 215 (Tex. 2003). The issue of whether a court has subject matter jurisdiction is a question of law that we review de novo. *City of Dallas v. Carbajal*, 324 S.W.3d 537, 538 (Tex. 2010) (per curiam).

The TCHRA requires a plaintiff to file an administrative complaint with the TWC or the EEOC "not later than the 180th day after the date the alleged unlawful employment practice occurred." TEX. LABOR CODE ANN. 21.202(a) (West 2015). The provision is mandatory. *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996). Compliance with the 180-day administrative filing requirement is a statutory prerequisite to suit, and failure to comply with it is a jurisdictional bar to a suit against a governmental entity. *Prairie View A&M Univ. v. Chatha*, 381 S.W.3d 500, 510-14 (Tex. 2012); *see* TEX. GOV'T CODE ANN. § 311.034 (West 2013). An unlawful employment practice occurs "when a discriminatory employment decision is made—not when the effects of that decision become manifest in later events." *Chatha*, 381 S.W.3d at 503. The "180-day limitations period in the TCHRA begins 'when the employee is informed of the allegedly discriminatory employment decision.'" *Id.* at 509 (quoting *Specialty Retailers*, 933 S.W.2d at 493). In order to invoke the jurisdiction of the trial court, Ryan was therefore required

---

[1] ACCD, as a junior college district, is a governmental unit that may file an interlocutory appeal pursuant to section 51.014(a)(8) of the Texas Civil Practice and Remedies Code. *See* TEX. CIV. PRAC. & REM. CODE ANN. §§ 51.014(a)(8), 101.001(3)(B) (West Supp. 2016).

to file his administrative charge of discrimination with the EEOC or the TWC within 180 days of being informed of the allegedly discriminatory employment decision.

Ryan's suit complains of the decision not to renew his contract and to instead offer him a one year terminal contract, after which he would not be eligible for rehire by ACCD as an adjunct. The undisputed evidence establishes that Ryan received Dr. Claunch's June 28 letter no later than July 5. The evidence is also undisputed that Ryan did not file an administrative charge with the TWC or the EEOC within 180 days of July 5. However, Ryan did file his administrative charge within 180 days of Chancellor Leslie's September 27, 2012 denial of his internal grievance.

In response to the motion for summary judgment in the trial court, Ryan argued that Dr. Claunch's June 28 notice was simply a "proposal", which did not become final until Ryan's grievance was denied by Dr. Leslie. We disagree. The summary judgment evidence shows Dr. Claunch notified Dr. Leslie of her recommendation in an internal memorandum dated June 27, and Dr. Leslie, through a designee, concurred in the decision on June 28. Dr. Claunch then sent Ryan the June 28, 2012 letter notifying him of the decision. The letter stated in relevant part:

> With this memorandum, and in accord with Alamo Colleges Procedure D.10.2.3 Nonrenewal: Non-Tenured Employees, a notification that non-renewal of your probationary faculty appointment with Northwest Vista College is made.
>
> . . .
>
> Pursuant to the procedure referenced above, a terminal year contract will be offered to you for the 2012-2013 Academic Year. Should you accept the terminal year contract, the following provisions will apply:
>
> 1. All Alamo Colleges policies, procedures and work expectations continue to apply;
> 2. Alamo Colleges employment will cease upon completion of the Spring 2013 semester;
> 3. Procedure D.2.5.1 (Hiring Authority, Status, Assignments and Duties) states that you will not be eligible for adjunct appointment following non-renewal of your probationary appointment;
> . . .

> Finally, should you disagree with this notification, Mr. Edward Contreras, . . . , may be contacted . . . for information related to appeal of this decision. . . .

Dr. Claunch's letter gave Ryan notice of the employment decision. There was nothing tentative or preliminary about it. *See Del. St. College v. Ricks*, 449 U.S. 250, 261 (1980) (stating that "entertaining a grievance complaining of the tenure decision does not suggest that the earlier decision was in any respect tentative. The grievance procedure, by its nature, is a *remedy* for a prior decision, not an opportunity to *influence* that decision before it is made."). Although Ryan chose to grieve the decision, the 180-day time period for filing a claim with the TWC or EEOC was not stayed by the filing of an administrative appeal or grievance. *See id.* (holding pendency of grievance or other method of collateral review of an employment decision does not toll running of employment discrimination filing periods); *Niwayama v. Tex. Tech Univ.*, 590 Fed. App'x 351, 355 (5th Cir. 2014) (holding filing period is not tolled or affected in any way by pendency of university grievance procedures that plaintiff chose to pursue but was not legally required to pursue before filing Title VII lawsuit); *Unkefer v. Tex. Youth Comm'n*, No. 2-06-466-CV, 2007 WL 1776042, at *3 (Tex. App.—Fort Worth June 21, 2007, no pet.) (mem. op.) (holding 180-day period began when employee received letter from supervisor informing that her employment was terminated, not when TYC Executive Director rendered final decision on grievance upholding termination).

By partially granting the summary judgment, the trial court agreed that ACCD conclusively established Ryan failed to file a timely administrative complaint regarding ACCD's June 28, 2012 decision not to renew his contract and to offer him a terminal year contract. Ryan does not challenge that ruling. However, the trial court denied ACCD's motion for summary judgment as to Ryan's contention that ACCD violated the Texas Labor Code by barring him "from being employed as an instructor at all Alamo Community College District campuses, not just the

Northwest Vista Campus." On appeal, Ryan argues this claim did not accrue when he received notice of the employment decision from Dr. Claunch because "the decision by [Dr.] Claunch . . . to bar Professor Ryan from future employment at any and all ACCD campuses was ultra vires and therefore not actionable until the decision was heard and decided by the ACCD chancellor who had the sole authority to bar future employment at all ACCD campuses." Ryan did not raise this contention in the trial court and points to no evidence or authority that supports it.

Conduct of a government official is *ultra vires* if it is "without legal or statutory authority." *Klumb v. Houston Mun. Emps. Pension Sys.*, 458 S.W.3d 1, 9 (Tex. 2015). Ryan contends that, in her capacity as president of one of the colleges in the district, Dr. Claunch did not have authority to make a decision about his eligibility for rehire as an adjunct in the other colleges in the district. However, the record establishes Dr. Claunch made the decision not to renew Ryan's contract and to offer him a terminal year contract. She did not make a decision about Ryan's eligibility for rehire. Rather, she simply notified Ryan of the ACCD Board of Trustees' policy regarding ineligibility for rehire. The relevant part of ACCD Board of Trustees Policies and Procedures D.2.5.1 that Dr. Claunch referred to in her June 28, 2012 letter to Ryan states:

> The College District shall not hire as adjunct faculty members former College District faculty members who were denied tenure, or whose tenure track (probationary) or non-tenure track contracts were not renewed for reasons other than program reduction.

Thus, Ryan's ineligibility for an adjunct position throughout the district was a decision made by the board of trustees and was an automatic consequence of Dr. Claunch's decision not to renew his contract. It did not require separate and additional approval by the Chancellor. Therefore, the 180-day period to file an administrative claim started no later than July 5, 2012, when Ryan received the notification of the employment decision and its consequences. *See Chatha*, 381 S.W.3d at 509. Ryan's failure to file a claim with the TWC or EEOC within 180 days deprived the

trial court of jurisdiction over Ryan's claims under the TCHRA. We therefore reverse the part of the trial court's order that denies ACCD's motion for summary judgment and render judgment dismissing Ryan's employment discrimination claims for lack of jurisdiction.

Because the trial court's order was not a final judgment, it did not award costs. ACCD's brief includes a request that we award it both its trial and appellate costs. ACCD has prevailed on all claims in this action, and the record does not contain any allegation or evidence of good cause to adjudge costs other than as required by law. We therefore assess the trial and appellate court costs against Ryan. *See* TEX. R. CIV. P. 139; TEX. R. APP. P. 43.4.

Luz Elena D. Chapa, Justice