**SPECIALTY RETAILERS, INC., Three Beall Brothers 3, Inc., and Palais Royal, Inc., Petitioners,**

v.

**Lorraine DeMORANVILLE, Respondent.**

No. 95–1135.

Supreme Court of Texas.

May 10, 1996.

Rehearing Overruled Dec. 13, 1996.

Glenn W. Patterson, Houston, for Petitioners.

Robert E. Newey, Houston, for Respondent.

PER CURIAM.

The question before us is whether the plaintiff Lorraine DeMoranville timely filed an employment discrimination claim with the Texas Commission on Human Rights. Because DeMoranville filed her complaint more than 180 days after the alleged unlawful employment practice occurred, we hold that her claim is time-barred. We reverse in part the judgment of the court of appeals, 909 S.W.2d 90, and render judgment in favor of the petitioners.

In reviewing this summary judgment proceeding, we accept evidence favoring the non-movant, DeMoranville, as true. *Nixon v. Mr. Property Management Co.,* 690 S.W.2d 546, 548–49 (Tex.1985). She was employed by Palais Royal, Inc. for a number of years as a buyer and later as a vice-president. Specialty Retailers, Inc. (SRI) purchased Palais Royal and Three Beall Brothers 3, Inc. (Beall), merged the two companies, and reorganized their employment structure. DeMoranville accepted a demotion to a position as a buyer and was placed under the supervision of Susan Bee. DeMoranville alleged that Bee discriminated against her by favoring younger workers while continually criticizing DeMoranville and requiring her to work after hours, thereby creating a hostile work environment and causing DeMoranville stress and strain.

DeMoranville's psychologist sent a letter to John Chipperfield, Senior Vice President of Human Resources for SRI, recommending that DeMoranville stop work temporarily due to stress. Immediately thereafter, on April 8, 1991, DeMoranville took medical leave from her job. When her condition did not improve, she applied for short-term disability.

On May 10, 1991, Chipperfield informed DeMoranville that she was being replaced as a buyer. He also told her that, according to company policy, she would be fired if her leave lasted longer than one year. DeMoranville did not return to work and she was terminated on either April 8, 1992 (according to DeMoranville) or May 1, 1992 (according to petitioners).

On June 2, 1992, DeMoranville filed an age discrimination complaint with the Texas Commission on Human Rights, alleging that Bee and the petitioners discriminated against her on April 1, 1992. She then filed suit seeking redress for intentional infliction of emotional distress, age discrimination, and various other causes of action. The trial court granted summary judgment for the defendants on all counts. DeMoranville appealed the trial court's judgment only with regard to her claims for intentional infliction of emotional distress and age discrimination.

The court of appeals affirmed the trial court's summary judgment on DeMoranville's emotional distress claim and its summary judgment in favor of Susan Bee on the age discrimination claim. However, it reversed the judgment on the age discrimination claim with respect to SRI, Beall, and Palais Royal. The court of appeals held that there was a fact issue concerning the timeliness of DeMoranville's complaint because the termination of DeMoranville's employment in May 1992 could be considered an act of discrimination, and therefore her complaint to the TCHR filed on June 2, 1992, would be timely. 909 S.W.2d at 93–94. SRI, Beall and Palais Royal seek review of that decision.

▄▄▄ Texas law requires that a complaint of unlawful employment practices be filed with the Equal Employment Opportunity Commission or the Texas Commission on Human Rights within 180 days after the alleged unlawful employment practice occurred. Acts 1983, 68th Leg., 1st C.S., ch. 7, § 6.01(a), 1983 Tex.Gen.Laws 37, 50, *repealed by* Acts 1993, 73rd Leg., ch. 269, § 5(1), 1993 Tex.Gen.Laws 987, 1273 (*see* Tex.Labor Code § 21.202 for current law). This time limit is mandatory and jurisdictional. *Schroeder v. Texas Iron Works, Inc.,* 813 S.W.2d 483, 485–86 (Tex.1991). Because one purpose of the Commission on Human Rights Act is to bring Texas law in line with federal laws addressing discrimination, federal case law may be cited as authority. Acts 1983, 68th Leg., 1st C.S., ch. 7, § 1.02(1), 1983 Tex.Gen.Laws 37 (*repealed by* Acts 1993, 73rd Leg., ch. 269, § 5(1), 1993 Tex.Gen. Laws 987, 1273 (*see* Tex.Labor Code § 21.001 for current law); *Stinnett v. Williamson County Sheriff's Dep't,* 858 S.W.2d 573, 576 (Tex.App.—Austin 1993, writ denied).

The court of appeals failed to distinguish between an act of continuing discrimination and an effect of past discrimination. The United States Supreme Court has held that in discrimination cases, " '[t]he proper focus is upon the time of the *discriminatory acts,* not upon the time at which the *consequences* of the acts become most painful.' " *Delaware State College v. Ricks,* 449 U.S. 250, 258, 101 S.Ct. 498, 504, 66 L.Ed.2d 431 (1980) (emphasis in original) (quoting *Abramson v. University of Hawaii,* 594 F.2d 202, 209 (9th Cir. 1979)). In *Ricks,* the Board of Trustees of a university denied tenure to a professor. 449 U.S. at 252, 101 S.Ct. at 501. In accordance with the university's policy concerning unsuccessful tenure applicants, the professor was given a contract which allowed him to continue teaching for one year. *Id.* at 253, 101 S.Ct. at 501–02. The professor sued for discrimination on the basis of his national origin. *Id.* at 254, 101 S.Ct. at 502. The Court held that Ricks' EEOC complaint was untimely because it was filed more than 180 days after he was notified of the Board's decision to deny tenure. *Id.* at 259, 101 S.Ct. at 504–05. It was the denial of tenure that constituted the alleged discriminatory employment decision about which Ricks was complaining. The actual termination of his employment approximately one year later

was a delayed but inevitable consequence of the Board's denial. *Id.* at 257–58, 101 S.Ct. at 503–04.

◼ In this case, assuming that the acts of the petitioners as outlined in DeMoranville's petition constitute age discrimination, the termination of her employment after a year's leave of absence can only be considered an effect of past discrimination. The actual termination of DeMoranville's employment is not an unlawful act in itself because it was the result of a neutral company policy toward a long-term leave of absence. The basis of DeMoranville's complaint is the treatment she received while working. The fact that she might have felt the effects of the treatment a year later when she was terminated does not extend the commencement of limitations.

◼ Even if the termination of DeMoranville's employment in 1992 could be considered a discriminatory act, her complaint is nevertheless untimely because she was notified on May 10, 1991, that she would be terminated if she did not return to work within one year of the start of her medical leave. The limitations period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition. *Ricks,* 449 U.S. at 258, 101 S.Ct. at 504; *Price v. Litton Business Sys., Inc.,* 694 F.2d 963, 965 (4th Cir.1982). DeMoranville did not file a claim with the EEOC within 180 days after May 10, 1991, the date on which she was told she would be terminated.

◼ DeMoranville appears to contend in this Court that the one year leave-of-absence policy was applied in a discriminatory fashion because she allegedly was fired two days before the one year period expired. This issue was not raised in her brief to the court of appeals, where she was the appellant, and it has therefore been waived. *See Satterfield v. Satterfield,* 448 S.W.2d 456, 460 (Tex.1969).

Accordingly, pursuant to Texas Rule of Appellate Procedure 170, without hearing oral argument, this Court reverses the judgment of the court of appeals with respect to the age discrimination claim and renders

judgment in favor of SRI, Beall, and Palais Royal.