TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN






NO. 03-06-00427-CV






Amaro Tijerina, Appellant


v.


Texas Alcoholic Beverage Commission, Appellee






FROM THE DISTRICT COURT OF TRAVIS COUNTY, 53RD JUDICIAL DISTRICT

NO. D-1-GN-03-001996, HONORABLE WILLIAM E. BENDER, JUDGE PRESIDING



 

M E M O R A N D U M O P I N I O N

 Amaro Tijerina sued his former employer, the Texas Alcoholic Beverage Commission
("TABC") alleging discrimination based on age and retaliation. See Tex. Lab. Code Ann. §§ 21.051,
.055 (West 2006). Tijerina also sought injunctive relief based on an alleged violation of the Texas
Constitution. TABC filed a plea to the jurisdiction asserting that Tijerina's suit was barred because
he did not file an administrative complaint with the Texas Commission on Human Rights (TCHR) (1)
within the 180-day statute of limitations. TABC also contended that the trial court lacked subject
matter jurisdiction over Tijerina's constitutional claim and request for injunctive relief. The trial
court granted the plea, and Tijerina appeals. We will affirm the trial court's order.



FACTUAL AND PROCEDURAL BACKGROUND

 Tijerina began working for TABC in 1976. In February 2000, he was transferred
from TABC's McAllen office to its Houston office. At the time of his transfer, Tijerino was 50 years
old and was a long-time resident of South Texas. Tijerina protested the transfer to Houston and was
told he was being transferred because he was "not involved enough in the community." Tijerina's
position at the McAllen office was then filled by a TABC employee in his thirties. In February 2001,
the employee who had replaced Tijerina in McAllen requested, and was granted, a family hardship
transfer to Longview. Tijerina then requested a transfer back to the McAllen office also based on
family hardship. On June 21, 2001, Tijerina was notified that the transfer had been denied. 

 Tijerina filed an administrative complaint with the TCHR on April 3, 2002, stating
that he was "discriminated against because of [his] age 52 in violation of The Age Discrimination
in Employment Act," and that he was "retaliated against on [his] later transfer request" because he
"protested the original decision to transfer [him] to Houston." Tijerina alleged that TABC granted
the younger employee's request for family hardship transfer to Longview, while denying his, and that
another TABC employee in his thirties was placed in the McAllen position Tijerina had requested. 
Tijerina further alleged that a TABC supervisor stated that "people who are eligible for retirement
should be leaving the agency." (2) Tijerina stated in the charge that the earliest date of discrimination
was February 2000 (presumably when he was transferred to Houston) and the latest date was
June 13, 2001, the date of the letter informing him that his request for transfer back to McAllen was
denied. Tijerina asserted that the discrimination was a "continuing action."

 On January 24, 2003, Tijerina sued TABC, alleging that TABC engaged in "adverse 
employment decisions and discrimination because of his age." Tijerina further alleged that he had
been "retaliated against and continued in exile from his native area" because he "blew the whistle
on inappropriate or illegal activities of the TABC Director" in 1987. Without further specificity,
Tijerina alleged that TABC violated the Texas Constitution and the Texas Labor Code, causing him
to suffer damages, including mental and physical distress and injury. Tijerina's petition sought
damages, a declaration that TABC violated his constitutional rights, and "an injunction permitting
transferring him to Hidalgo County." 

 TABC filed a plea to the jurisdiction asserting that Tijerina's age discrimination and
retaliation claims were barred as a matter of law because Tijerina had not complied with the 
jurisdictional prerequisites to filing these claims by timely filing an administrative complaint with
the TCHR, as required by statute. TABC's plea to the jurisdiction therefore challenged the existence
of jurisdictional facts. As evidence of untimely filing, TABC relied upon the charge of
discrimination filed with the TCHR on April 3, 2002. TABC also sought dismissal of Tijerina's
"constitutional violation claim," contending that there is no private right of action or common law
cause of action for damages for a violation of the Texas Constitution. TABC further argued that
Tijerina had shown no underlying violation of any constitutional rights and the equitable relief he
sought, namely a transfer to Hidalgo County, was impossible because Tijerina had since retired from
TABC. Tijerina did not file a response to TABC's plea to the jurisdiction, and did not object to or
dispute the evidence of jurisdictional facts on which TABC relied. Although properly notified,
neither Tijerina nor his counsel appeared at the hearing on the plea. The trial court granted TABC's
plea to the jurisdiction and dismissed Tijerina's suit with prejudice. By two issues Tijerina contends
that (1) the trial court erred by granting the plea to the jurisdiction with respect to his unlawful
employment practices claims because he timely filed a charge of discrimination, and (2) the district
court erred in dismissing his constitutional claim for lack of subject-matter jurisdiction.


STANDARD OF REVIEW

 Whether a court has subject-matter jurisdiction is a question of law. See Texas Dep't
of Parks & Wildlife v. Miranda, 133 S.W.3d 217, 226 (Tex. 2004). In deciding a plea to the
jurisdiction, we may not weigh the merits of the plaintiff's claims, but must consider only the
plaintiff's pleadings, construed in the plaintiff's favor, as well as evidence pertinent to the
jurisdictional inquiry. County of Cameron v. Brown, 80 S.W.3d 549, 555 (Tex. 2002). If a plea to
the jurisdiction challenges the existence of jurisdictional facts, the court considers relevant evidence
submitted by the parties when necessary to resolve the jurisdictional issue raised. See Miranda,
133 S.W.3d at 227. When, as in this case, the jurisdictional facts do not implicate the merits of the
case and are undisputed, the court makes the jurisdictional determination as a matter of law based
solely on those undisputed facts. Id. at 228. We review that determination de novo. Id. 


DISCUSSION

Age Discrimination/Retaliation Claims

 The jurisdictional issue here concerns the timing of Tijerina's charge of
discrimination filed with the TCHR. Tijerina filed no response to the plea to the jurisdiction, nor
did he contradict or object to the jurisdictional facts relied upon by TABC. The facts surrounding
the filing of the charge are undisputed. Because the trial court was required to resolve the
jurisdictional issue on the basis of undisputed facts, we review the trial court's decision de novo. 
See Miranda, 133 S.W.3d at 227-28.

 In his April 3, 2002 charge of discrimination filed with the TCHR, Tijerina alleged
that on June 21, 2001, the TABC discriminated against him because of his age by denying his request
for a family hardship transfer to McAllen while granting similar transfer requests to younger
employees. Tijerina further alleged that the June 21, 2001 denial of the transfer request was also in
retaliation for his having protested his original transfer from McAllen to Houston in February 2000. 
Tijerina also claimed that he was advised by a TABC chief that "people who are eligible for
retirement should be leaving the agency." The TCHR form does not state the date upon which the
TABC chief allegedly made this comment, but Tijerina alleged on the TCHR form that the earliest
date discrimination took place was February 2000 and the latest date discrimination took place was
June 13, 2001. Tijerina also checked the "continuing action" box.

 A person claiming to be aggrieved by an unlawful employment practice must file a
complaint with the TCHR not later than the 180th day after the date the alleged unlawful
employment practice occurred. Tex. Lab. Code Ann. § 21.202(a). Timely filing of an administrative
complaint is a mandatory and jurisdictional prerequisite to filing suit. Specialty Retailers, Inc.
v. DeMoranville, 933 S.W.2d 490, 492 (Tex. 1996); Texas Parks & Wildlife Dep't v. Dearing,
150 S.W.3d 452, 459 (Tex. App.--Austin 2004, pet. denied). Failure to file the complaint within
the 180-day period constitutes failure to exhaust administrative remedies and deprives the court of
subject-matter jurisdiction. Harris v. Showcase Chevrolet, 231 S.W.3d 559, 561 (Tex. App.--Dallas
2007, no pet.). The 180-day period begins to run "when the employee is informed of the allegedly
discriminatory employment decision." Specialty Retailers, 933 S.W.2d at 493 (citing Delaware State
Coll. v. Ricks, 449 U.S. 250, 258 (1980)). In this case, the 180-day time period began to run on June
21, 2001, the date Tijerina was informed that his transfer request had been denied. Tijerina did not
file his complaint with the TCHR until April 3, 2002, more than 100 days past the statutory 180-day
deadline. When, as here, the administrative complaint is not timely filed, the court lacks jurisdiction
and the suit must be dismissed. See Del Mar Coll. Dist. v. Vela, 218 S.W.3d 856, 860
(Tex. App.--Corpus Christi 2007, no pet.). 

 To avoid the bar of limitations, Tijerina invokes the continuing-action doctrine. 
The continuing-action doctrine provides an exception to the 180-day filing deadline for
unlawful discrimination that "manifests itself over time, rather than [as] a series of discrete acts." 
Wal-Mart Stores, Inc. v. Davis, 979 S.W.2d 30, 41-42 (Tex. App.--Austin 1998, pet. denied). The
continuing-action doctrine, which applies under limited circumstances, permits a plaintiff to include
in a timely filed action complaints of conduct that occurred more than 180 days before the charge
of discrimination was filed, and that would otherwise be time-barred. When "continuing action"
discrimination occurs, the 180-day filing clock does not begin to run until one of the involved
discriminatory events "should, in fairness and logic, have alerted the average layperson to act to
protect his or her rights." Id. at 42. The continuing-action doctrine expands the scope of
discriminatory events that are actionable by permitting a party to sue for unlawful employment
practices occurring more than 180 days before the charge of discrimination was filed if the otherwise
time-barred conduct is part of an organized scheme leading up to and including a violation that
accrued within the limitations period. Davis, 979 S.W.2d at 41. 

 In order for the continuing-action doctrine to apply, however, the aggrieved party
must have timely filed a charge as to at least one of the acts of discrimination included in
the continuing action. Id. (citing Glass v. Petro-Tex Chem. Corp., 757 F.2d 1554, 1560-61
(5th Cir. 1985)). A review of Tijerina's charge of discrimination and his petition reveals that all of
the employment actions of which Tijerina complains occurred well over 180 days prior to his filing
the charge of discrimination; therefore, none was timely filed. The charge of discrimination states
that the time period in which the discrimination occurred was from February 2000 to June 13, 2001. 
Tijerina does not allude to any conduct occurring within 180 days of his April 3, 2002 filing. In his
petition, Tijerina alleged that he had been "subjected to adverse employment decisions and
discrimination because of his age" and that he was "retaliated against . . . because he blew the
whistle" on another TABC employee in 1987. (3) These allegations refer to the June 21, 2001 denial
of his request for a family hardship transfer to McAllen. Tijerina also alleges that a TABC chief told
him that "people who were eligible for retirement should retire and leave TABC." Although Tijerina
does not indicate the date on which this comment was made, the charge of discrimination indicates
that it occurred at some point between February 2000 and June 13, 2001. (4)

 Having failed to file a response to the TABC's plea to the jurisdiction or appear at
the hearing at which the trial court granted the plea, Tijerina attempted to demonstrate that he had
exhausted his administrative remedies by attaching an affidavit to his motion for new trial wherein
he averred that he "repeatedly made oral requests for transfer . . . after 2000 and was consistently
passed over." Even if this evidence was properly before the trial court, having not been presented
to the court before or during the hearing on the plea to the jurisdiction, (5) Tijerina's affidavit does not
contain an allegation of discrimination within the 180-day period prior to April 3, 2002, and does
not constitute evidence showing that Tijerina timely filed his charge of discrimination. Moreover,
Tijerina's statement in his affidavit that he was "targeted with discrimination on transfers . . . within
180 days of the date of the filing of my Charge of Discrimination" is a conclusory allegation that
does not support a claim of employment discrimination. See Meiri v. Dacon, 759 F.2d 989, 998
(2d Cir. 1985) (plaintiff cannot establish prima facie case with "conclusory allegations of
discrimination, absent any concrete particulars"). 

 Moreover, even if Tijerina had properly exhausted his administrative remedies with
respect to the newly asserted claim that he was denied transfers within the 180-day time period, such
subsequent denials do not render timely the June 21, 2001 transfer request denial that he complained
of in his charge of discrimination and upon which his lawsuit is based. The Supreme Court has held
that the continuing-action doctrine does not apply to "serial violations" consisting of discrete acts
such as termination, failure to promote, denial of transfer, or refusal to hire. See National R.R.
Passenger Corp. v. Morgan, 536 U.S. 101, 122 (2002). These acts are each easy to identify, and are
not the type of unlawful unemployment practice that manifests itself over time. Id. The Supreme
Court held that only those acts that occurred during the filing period are actionable. Id. The June
21, 2001 denial of Tijerina's transfer request occurred more than 280 days before he filed the charge
of discrimination.

 Tijerina contends that, in addition to claims for age discrimination and retaliation in
denying the transfer, he also complained that he was constructively discharged and that the
constructive discharge was the conduct occurring within the 180-day time period that supports
application of the continuing-action doctrine. This argument lacks merit. Neither the charge of
discrimination nor Tijerina's petition can be fairly read to include a claim of constructive discharge. 
The only reference to constructive discharge is contained in the statement of facts in Tijerina's
petition in which he alleges that he was constructively discharged after he "blew the whistle on
inappropriate or illegal activities of the TABC Director" in 1987. The petition goes on to state that
Tijerina was reinstated in 1992 as part of the settlement of a lawsuit he filed against TABC,
presumably complaining of that constructive discharge. Nowhere does Tijerina complain of a
second constructive discharge or provide any factual allegations regarding constructive discharge. 
In fact, Tijerina retired from TABC in 2003, after both the charge of discrimination and this lawsuit
had been filed. Neither Tijerina's trial court pleadings nor his charge of discrimination allege that
he was constructively discharged from TABC. His petition plainly states, "Tijerina has exhausted
his administrative remedies, and appealed the refusal to grant his requested transfer and filed a
Charge of Discrimination with the Texas Commission on Human Rights." Both the charge of
discrimination and Tijerina's petition cite the denial of his transfer request as the unlawful
employment act; Tijerina does not allege constructive discharge arising out of this or any other
conduct by TABC.

 In a further attempt to avoid the consequences of his failure to file a timely charge
of discrimination, Tijerina cites Gorges Food Service, Inc. v. Huerta, 964 S.W.2d 656
(Tex. App.--Corpus Christi 1997, no pet.) to support his contention that, because he received right
to sue letters from the EEOC and the TCHR, "a rational reference exists" that his charge of
discrimination was timely filed. This argument also fails. In Gorges, on appeal after a jury trial, the
court of appeals reviewed the factual and legal sufficiency of the evidence tending to show that the
plaintiff had timely filed a complaint with the TCHR. Id. at 663. In the absence of any direct
evidence of the date on which the charge of discrimination was filed, the court held that the jury
could have rationally inferred that Huerta's complaint was timely filed from the Commission's
action in sending him a "notice of right to file a civil action" letter rather than dismissing the
complaint. Id. at 664. In the present case, the filing date for Tijerina's charge of discrimination is
undisputed and plain from the record, and this Court is not engaged in a review of the sufficiency
of the evidence. The facts and procedural posture of this case are distinguishable from Gorges, and
the court's reasoning in that case has no bearing on the issues presented in this appeal.

 Tijerina did not timely file a charge of discrimination with the TCHR and
therefore failed to exhaust his administrative remedies. The trial court properly dismissed the
age-discrimination and retaliation claims for lack of subject-matter jurisdiction. We overrule
Tijerina's first issue.


Claim for Equitable Relief 

 In his petition, Tijerina alleged as one of his causes of action that the TABC "violated
the Texas Constitution." Tijerina requested a declaration that his constitutional rights were violated
and sought injunctive relief in the form of an order that he be granted a transfer to Hidalgo County. 
The trial court dismissed this claim with prejudice. (6) At the time of the hearing on TABC's plea to
the jurisdiction, it was impossible for this relief to be granted because Tijerina had already retired
from TABC and was no longer a TABC employee. When an event intervenes that renders it
impossible to grant effectual relief, the court will not proceed to review the case, but should dismiss
the proceeding. See Morris Plan Bank v. Ogden, 144 S.W.2d 998, 1004 (Tex. App.--Fort Worth
1940, no writ). Because it was impossible for the trial court to grant the injunctive relief Tijerina
requested, dismissal was proper. See Speer v. Presbyterian Children's Home and Serv. Agency,
847 S.W.2d 227, 228-29 (Tex. 1993) (when circumstances rendered futile requested injunctive
relief, case should be dismissed as moot even if plaintiff were ultimately to prevail on merits). 
Tijerina's retirement from TABC made it impossible for the trial court to grant the injunctive relief
requested. The trial court therefore properly dismissed the claim for injunctive relief. We overrule
Tijerina's second issue.


CONCLUSION

 Having concluded that the trial court lacked subject-matter jurisdiction over Tijerina's
claims, we affirm the trial court's order of dismissal.


 _____________________________________________

 J. Woodfin Jones, Chief Justice

Before Chief Justice Jones, Justices Puryear and Henson

Affirmed

Filed: July 14, 2009
1. Such administrative complaints are now filed with the Texas Workforce Commission. 
See Tex. Lab. Code Ann. § 21.0015 (West 2006).
2. Based on his age and years of service, Tijerina was eligible for retirement at the time this
statement was made.
3. The retaliation claim in Tijerina's petition cites a different basis for retaliation than was
set forth in the TCHR charge in which he alleged that he was retaliated against for challenging the
February 2000 transfer to Houston.
4. In his brief, Tijerina makes the bare assertion that statements referring to "older workers
retiring, while younger workers were replacing older retiring workers occurred within the 180 days
time period of filing the charge of discrimination." This statement is unsupported by any pleadings
or evidence in the appellate record. Moreover, this Court has not considered the materials attached
as an appendix to Tijerina's brief, as they are not part of the appellate record. Tex. R. App. P. 34.
5. The affidavit did not contain newly discovered evidence, nor was the plea to the
jurisdiction granted by default, Tijerina having answered and been properly notified of the hearing. 
See Tex. R. Civ. P. 324(b), 329.
6. On appeal, Tijerina does not argue that the trial court erred in dismissing his suit to the
extent it sought a declaration that his constitutional rights were violated. Rather, on appeal Tijerina
contends that the only relief he sought with respect to his constitutional claims was equitable
injunctive relief in the form of an order granting his request for a transfer to Hidalgo County. 
Tijerina's briefing on appeal addresses only his contention that the court erred in dismissing his
claim for injunctive relief.