**Delton WATSON, Plaintiff–Appellant**

v.

**KROGER TEXAS, L.P., Defendant–Appellee.**

**No. 13–20691**
**Summary Calendar.**

United States Court of Appeals,
Fifth Circuit.

July 31, 2014.

Deshonda Patrice Charles Tackett, Tackett Firm, P.L.L.C., Houston, TX, for Plaintiff–Appellant.

David Leslie Barron, Esq., Cozen O'Connor, P.C., Houston, TX, for Defendant–Appellee.

Before HIGGINBOTHAM, DENNIS, and GRAVES, Circuit Judges.

PER CURIAM: *

Plaintiff–Appellant Delton Watson timely appeals the dismissal of his lawsuit alleging claims for race and sex discrimination, as well as unlawful retaliation, under

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

the Texas Commission on Human Rights Act ("TCHRA").[1]

On defendant-appellee Kroger Texas, L.P.'s motion for summary judgment, the district court dismissed all of plaintiff's § 21.001 claims.[2] First, on the sexual harassment claim, the district court concluded that the alleged harassment was not sufficiently severe nor pervasive to give rise to a hostile work environment claim.[3] The district court explained that taking all of Watson's allegations as true, the allegations fell far short of the "high threshold on hostile work environment [claims.]"[4] Second, on the racial discrimination claim, the district court, analyzing the claim under the *McDonnell–Douglas* burden-shifting framework, concluded (i) that Watson failed to identify a similarly situated individual outside his protected class who was treated less favorably,[5] and (ii) that Watson failed to rebut Kroger's articulated legitimate, nondiscriminatory reasons for any adverse employment actions.[6] Third, on the retaliation claim, the district court concluded that Kroger had articulated a legitimate, non-retaliatory reason for terminating Watson, which Watson had failed to rebut.[7]

On de novo review,[8] we agree with the district court. Because Watson failed to establish the prima facie sex and race-based discrimination cases, the district court properly granted summary judgment to Kroger. Likewise, assuming that Watson had established a prima facie retaliation case—a conclusion that is itself sus-

---

1. Tex. Labor Code § 21.001 *et seq.*

2. "[T]he law governing claims under the TCHRA and Title VII is identical." *Shackelford v. Deloitte & Touche, LLP*, 190 F.3d 398, 403 n. 2 (5th Cir.1999). Accordingly, in TCHRA cases, "federal case law may be cited as authority." *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex.1996).

3. "To state a hostile work environment claim under Title VII, the plaintiff must show that: (1) the victim belongs to a protected group; (2) the victim was subjected to unwelcome harassment; (3) the harassment was based on a protected characteristic; (4) the harassment affected a term, condition, or privilege of employment; and (5) the victim's employer knew or should have known of the harassment and failed to take prompt remedial action." *E.E.O.C. v. WC&M Enterprises, Inc.*, 496 F.3d 393, 399 (5th Cir.2007). To affect "a term, condition, or privilege of employment, 'sexual harassment must be sufficiently severe or pervasive so as to alter the conditions of employment and create an abuse working environment.'" *Stewart v. Mississippi Transp. Com'n*, 586 F.3d 321, 330 (5th Cir.2009) (quoting *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 116, 122 S.Ct. 2061, 153 L.Ed.2d 106 (2002)).

4. R. 635–36.

5. "Under that framework, the plaintiff must first establish a prima facie case of discrimination, which requires a showing that the plaintiff (1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir.2007) (citing *Wheeler v. BL Dev. Corp.*, 415 F.3d 399, 405 (5th Cir.2005)).

6. Once "the plaintiff makes a prima facie showing, the burden then shifts to the employer to articulate a legitimate, nondiscriminatory or nonretaliatory reason for its employment action. The employer's burden is only one of production.... If the employer meets its burden of production, the plaintiff then bears the ultimate burden of proving that the employer's proffered reason is not true but instead is a pretext for the real discriminatory or retaliatory purpose." *Id.* at 557.

7. *See id.*

8. "This court reviews a district court's grant of summary judgment de novo, applying the same standards as the district court." *WC&M Enterprises*, 496 F.3d at 397.

394

pect, the district court correctly concluded that Kroger had articulated a legitimate, non-retaliatory reasons for its adverse employment actions, and Watson failed to rebut these reasons.

We AFFIRM.