

# NUMBER 13-18-00540-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

EDINBURG CONSOLIDATED
INDEPENDENT SCHOOL
DISTRICT,                                                      Appellant,

v.

CRISTINA L. ESPARZA,                                           Appellee.

### On appeal from the County Court at Law No. 4
### of Hidalgo County, Texas.

# MEMORANDUM OPINION
### Before Justices Benavides, Hinojosa, and Perkes
### Memorandum Opinion by Justice Benavides

Appellant Edinburg Consolidated Independent School District (ECISD) challenges

the trial court's denial of its plea to the jurisdiction on appellee Cristina Esparza's

employment discrimination suit.  *See* TEX. LAB. CODE ANN. § 21.051.  By two issues,

ECISD argues that the trial court erred by denying its plea to the jurisdiction because

Esparza's administrative claim was filed too late to permit the trial court to exercise jurisdiction over her claims, and that ECISD is immune from Esparza's claim for exemplary damages, which Esparza concedes on appeal.[1]  We affirm.

## I.  BACKGROUND

Esparza was the principal of one of ECISD's middle schools in the summer of 2016.  After school was dismissed for the summer, a private photo of Esparza that she sent to her husband was widely disseminated on social media within the local community. According to Esparza, the photo was not authorized to be publicly disseminated and she complained to law enforcement.

On June 22, 2016, Esparza and the ECISD assistant superintendent had a conversation in which Esparza was given the choice of resigning or being fired.  Esparza received a letter the next day that informed her that her employment was suspended with pay while the district investigated.  On July 20, 2016, Esparza received another letter from ECISD that informed her that she was being reassigned from her principal position and would be advised at a later date regarding her employment status.  On August 25, 2016, Esparza received a notice of proposed termination of her employment from the ECISD Board of Trustees.

Esparza filed a complaint with the Texas Workforce Commission (TWC) on January 24, 2017 and received a right to sue letter on November 3, 2017.  She filed suit against ECISD alleging gender discrimination on December 22, 2017.  ECISD filed its answer and plea to the jurisdiction with exhibits on January 18, 2018.  After an

---

[1] Because Esparza has conceded that she may not recover exemplary damages, ECISD's second issue is moot.

2

evidentiary hearing at which Esparza testified and exhibits[2] were introduced, the trial court denied the plea to the jurisdiction on September 13, 2018. ECISD filed this interlocutory appeal. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 51.104(a)(8).

## II.  PLEA TO THE JURISDICTION

ECISD argues that the trial court erred because Esparza's filing with TWC was untimely. It argues that her filing occurred more than 180 days after June 22, 2016, the day Esparza was told she would be fired and thus did not invoke the trial court's jurisdiction.

## A.  Standard of Review and Applicable Law

Governmental units, including school districts, are immune from suit unless the state consents. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 224 (Tex. 2004). The Legislature mandates that all statutory prerequisites to suit are jurisdictional in suits against governmental entities. *See* TEX. GOV'T CODE ANN. § 311.034; *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 514 (Tex. 2012). Here, it is undisputed that compliance with section 21.202 of the labor code is mandatory.[3] *See* TEX. LAB. CODE ANN. § 21.202; *Chatha*, 381 S.W.3d at 514. Failure to comply with the time limit is a jurisdictional bar to suit. *Chatha*, 381 S.W.3d at 514; *Univ. of Tex.-Pan Am. v. De Los*

---

[2] Esparza objected to exhibits attached to ECISD's plea to the jurisdiction from the administrative proceedings on the grounds that they were from different litigation. The trial court sustained Esparza's objections in its written order denying the plea to the jurisdiction.

[3] Section 21.202 states:

(a) A complaint under this subchapter must be filed not later than the 180th day after the date the alleged unlawful employment practice occurred.
(b) The commission shall dismiss an untimely complaint.

TEX. LAB. CODE ANN. § 21.202.

*Santos*; 997 S.W.2d 817, 821 (Tex. App.—Corpus Christi–Edinburg 1999, no pet.); *see also McAllen Indep. Sch. Dist. v. Espinosa*, No. 13-11-00563-CV, 2012 WL 3012657, at *6 (Tex. App.—Corpus Christi–Edinburg Jun. 15, 2012, no pet.) (mem. op.).

"A jurisdictional plea may challenge the pleadings, the existence of jurisdictional facts, or both. When a jurisdictional plea challenges the pleadings, we determine if the plaintiff has alleged facts affirmatively demonstrating subject-matter jurisdiction." *Alamo Heights Indep. Sch. Dist. v. Clark*, 544 S.W.3d 755, 770 (Tex. 2018); *Miranda*, 133 S.W.3d at 227–28. If the plea challenges the existence of jurisdictional facts, we must consider evidence when necessary to resolve the jurisdictional issue. *Clark*, 544 S.W.3d at 770. If we consider evidence relating to the plea to the jurisdiction, a plaintiff must raise "at least a genuine issue of material fact." *Id.* at 771. "[W]e must take as true all evidence favorable to the plaintiff, indulging every reasonable inference and resolving any doubts in the plaintiff's favor." *Id.; see also McAllen Indep. Sch. Dist.*; 2012 WL 3012657, at *6. But "we cannot disregard evidence necessary to show context, and we cannot disregard evidence and inferences unfavorable to the plaintiff if reasonable jurors could not." *Clark*, 544 S.W.3d at 770; *see also McAllen Indep. Sch. Dist.*; 2012 WL 3012657, at *6. Once a defendant challenges the plaintiff's case with evidence, as here, "the jurisdictional inquiry focuses on the evidence and whether the plaintiff can create a fact issue." *Id.* at 785. If the evidence raises a fact issue, the trial court cannot grant the plea to the jurisdiction. *Miranda*, 133 S.W.3d at 228.

B.    **Accrual of Claim of Discrimination**

ECISD argues that the date that triggered Esparza's claim of gender discrimination

4

was June 22, 2016, the date on which she was given a choice between resigning or her employment being terminated based upon Esparza's conversation with the assistant superintendent. ECISD relies on *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 492 (Tex. 1996) (per curiam) and *Tex. Parks & Wildlife Dep't v. Dearing*, 150 S.W.3d 452, 458 (Tex. App.—Austin 2004, pet. denied).

Esparza disagrees. She argues that neither the superintendent nor the assistant superintendent had the authority to terminate her employment on June 22, 2016; that only the Board of Trustees could authorize the termination of her contract, and it did not do so until August 25, 2016. Esparza cites to § 11.051 of the Texas Education Code to support this proposition. TEX. EDUC. CODE ANN. § 11.051.[4]

### 1. Education Code

Esparza was employed by ECISD under a term contract that provided that the Contract "will terminate if the Board determines any of the following exists: good cause, financial exigency, or a program change . . . ." *See* TEX. EDUC. CODE ANN. § 21.211(a).

Section 11.1513 provides that the Board of Trustees "shall adopt a policy providing for the employment and duties of district personnel . . . the superintendent has sole authority *to make recommendations* to the board regarding the selection of all personnel

---

[4] Governance of Independent School District; Number of Trustees

(a) An independent school district is governed by a board of trustees who, as a body corporate, shall:
      (1) oversee the management of the district; and

      (2) ensure that the superintendent implements and monitors plans, procedures, programs, and systems to achieve appropriate, clearly defined, and desired results in the major areas of district operations.

TEX. EDUC. CODE ANN. § 11.051.

. . . [and] [t]he board of trustees *may accept or reject* the superintendent's recommendation regarding the selection of district personnel." *Id.* § 11.1513 (emphasis added). A superintendent is responsible for "initiating the termination or suspension of an employee or the nonrenewal of an employee's term contract." *Id.* § 11.201 (emphasis added). A superintendent also has the authority to reassign a district employee within the limits of the employee's contract and the education code. *See Jenkins v. Crosby Indep. Sch. Dist.*, 537 S.W.3d 142, 155 (Tex. App.—Austin 2017, no pet.).

### 2. Charge of Discrimination

Esparza complained that her discharge on August 25, 2016, was the act of discrimination. Up until that date, she claims her status was unclear based upon the letters she received from ECISD: (1) she was suspended with pay, (2) she was reassigned, (3) ECISD was investigating, and (4) the Board of Trustees had not decided whether to terminate her employment until August 25, 2016. After they did so, according to Esparza, her deadline to file her administrative complaint was February 20, 2017, a deadline she met by filing on January 24, 2017.

### 3. Discussion

In *Specialty Retailers*, one of the cases on which ECISD relies, DeMoranville worked for retailer Palais Royal, Inc. as a vice president. 933 S.W.2d at 491. Her company was purchased by another company, merged, and reorganized. *Id.* After the merger, DeMoranville accepted a demotion to a buyer and was assigned to a new manager who favored younger workers, continually criticized her work, and asked her to work long hours. *Id.* DeMoranville began suffering from stress. She took a leave of

6

absence to alleviate what she described as a hostile work environment. *Id.* at 492. While on leave, she was replaced as a buyer and was told that if her leave lasted longer than a year, company policy would terminate her employment. *Id.* DeMoranville did not return and was fired on May 1, 1992. *Id.* She filed a complaint of discrimination on June 2, 1992. *Id.*

The *Specialty Retailer* Court held that DeMoranville's complaint was untimely. *Id.* "Even if the termination of DeMoranville's employment in 1992 could be considered a discriminatory act, her complaint is nevertheless untimely because she was notified on May 10, 1991, that she would be terminated if she did not return to work within one year of the start of her medical leave." *Id.* at 493. Limitations begin when the employee learns of the allegedly discriminatory employment decision, not when that decision comes to fruition. *Id.* DeMoranville did not file a claim with the EEOC within 180 days after May 10, 1991, the date on which she was told she would be terminated. *Id.*

*Dearing*, another case on which ECISD relies, analyzed things somewhat differently. 150 S.W.3d at 452. In that case, Texas Parks & Wildlife was given authority by the legislature to reclassify some of its game wardens. *Id.* at 456. Authorization took place during the legislative session to become effective on September 1, 1999. *Id.* The reclassification was discussed at a mandatory meeting on August 10, 1999. *Id.* at 458. The appeals court held that the clock on Dearing's complaint began to run from September 1, 1999, because there was no evidence that he knew of the change at any earlier time *and* because the workforce commission treated his administrative complaint as timely. *Id.*

7

The difference between Esparza's case and *Specialty Retailer* is significant. The provisions of the education code and the terms of Esparza's contract appear to grant to the ECISD Board of Trustees the power to terminate her contract, not the superintendent who has the statutory authority to initiate discussions of termination. *See* TEX. EDUC. CODE. ANN. § 11.1513. Moreover, placing Esparza on administrative leave with pay and full benefits is does not constitute the kind of adverse employment decision required to constitute an act of discrimination. Instead, an adverse employment action requires a significant change in employment status. *See Esparza v. Univ. of Tex. at El Paso*, 471 S.W.3d 903, 909 (Tex. App.—El Paso 2015, no pet.). Events such as disciplinary filings, supervisor's reprimands, poor performance reviews, negative employment evaluations, verbal threats to fire, reprimands, and criticism of the employee's work do not constitute actionable adverse employment decisions. *Esparza*, 471 S.W.3d at 909. However, although some job transfers can qualify as adverse employment actions, if there is evidence that the new position is much less desirable, Esparza's reassignment was never finalized. *See Scott v. Godwin*, 147 S.W.3d 609, 617 (Tex. App.—Corpus Christi–Edinburg 2004, pet. dism'd).

As a result, the fact question created by Esparza's contract and the education code provisions, and the ambiguity created by ECISD's correspondence at least raise a fact question on the date Esparza's discrimination case accrued. Only if Esparza's discrimination claim accrued in June is ECISD entitled to dismissal. Because there is a fact question, the trial court may not grant the plea to the jurisdiction. *Miranda*, 133 S.W.3d at 228. In addition, the *Dearing* Court found it significant that the administrative

8

agency treated Dearing's discrimination complaint as timely. The same holds true for Esparza. Accordingly, we overrule ECISD's first issue.

### III. CONCLUSION

We affirm the trial court's order denying the plea to the jurisdiction.


GINA M. BENAVIDES,
Justice


Delivered and filed the
22nd day of August, 2019.