**Affirmed and Memorandum Opinion filed March 9, 2023.**



In The

# Fourteenth Court of Appeals

---

### NO. 14-21-00741-CV

---

## CHAD FENLEY DAVIS, Appellant

## V.

## DAVID CLARKE RUSHING, ATTORNEY, AND DAVID CLARKE RUSHING D/B/A THE LAW OFFICE OF DAVID RUSHING, Appellees

---

**On Appeal from the 234th District Court
Harris County, Texas
Trial Court Cause No. 2017-15972**

---

### MEMORANDUM OPINION

After unsuccessfully challenging his criminal conviction in state court, Chad Davis retained attorney David Rushing and his law firm (collectively "Rushing") to represent him in filing a federal application for writ of habeas corpus. When that federal application was later dismissed, Davis filed this pro se civil action in state court, seeking monetary damages against Rushing for alleged legal malpractice. Rushing moved for summary judgment, arguing that the sole proximate cause for

any of Davis's damages was his own criminal conduct, and that Davis was barred from profiting from that conduct absent proof that he had been exonerated. The trial court agreed with Rushing and entered a summary judgment in his favor. For the reasons explained below, we affirm that judgment.

## BACKGROUND

Davis was convicted of capital murder, and because the prosecution had not sought the death penalty, he was sentenced to an automatic term of life imprisonment. Davis challenged his conviction in multiple issues on direct appeal, including by arguing that the evidence was legally insufficient, but the court of appeals rejected his arguments and affirmed the conviction. *See Davis v. State*, 276 S.W.3d 491 (Tex. App.—Waco 2008, pet. ref'd). Davis sought discretionary review in the Texas Court of Criminal Appeals, but that court refused his petition. Davis also applied for habeas corpus relief in state court, but his relief was denied there as well.

Davis then retained Rushing to represent him in filing a federal application for writ of habeas corpus. Rushing filed the application as promised, but the federal district court granted a summary judgment against Davis. That court then dismissed the case and denied a certificate of appealability. *See Davis v. Stephens*, No. H-12-2919, 2013 WL 6498963 (S.D. Tex. Dec. 11, 2013) (mem. op.). Rushing did not file a notice of appeal, but Davis attempted to do so on his own. However, because the filing deadline had already passed, the federal appellate court dismissed the appeal for want of jurisdiction. Davis then returned to the federal district court and filed a pro se motion to set aside the summary judgment on the grounds that Rushing's failure to file a notice of appeal was "newly discovered evidence" and amounted to ineffective assistance of counsel. The federal district court similarly dismissed that

motion for want of jurisdiction. *See Davis v. Stephens*, No. H-12-2919, 2014 WL 11310054 (S.D. Tex. Sept. 3, 2014) (mem. op.).

Davis then filed this civil suit in state court, where he asserted multiple causes of action against Rushing. The labels for these causes of action were breach of contract, quantum meruit, negligence, fraudulent inducement, breach of fiduciary duty, violations of the DTPA, fraud, and legal malpractice. And each of these causes of actions was further labeled as being "under legal malpractice claim"—including, superfluously, the cause of action for legal malpractice. All of these causes of actions were based on Rushing's failure to file a notice of appeal. And as a result of that failure, Davis sought more than one million dollars in damages, as well as one thousand dollars for each day in which he was wrongfully imprisoned.

Rushing moved for summary judgment on traditional grounds. He began his motion by arguing that Davis had impermissibly fractured a single claim for legal malpractice into multiple causes of action. Then based on that premise, Rushing made two additional legal points.

In the first point, Rushing argued that if all of Davis's causes of action were just a relabeled claim of legal malpractice, then Davis could not recover on that malpractice claim because the sole proximate cause of all of his damages was his own criminal conduct. This argument invoked the *Peeler* doctrine, announced in the case of the same name, which holds that "it is the illegal conduct rather than the negligence of a convict's counsel that is the cause in fact of any injuries flowing from the conviction." *See Peeler v. Hughes & Luce*, 909 S.W.2d 494, 498 (Tex. 1995) (plurality). And under this doctrine—which has since been reaffirmed by a majority of the Texas Supreme Court—"plaintiffs who have been convicted of a criminal offense may negate the sole proximate cause bar to their claim for legal malpractice in connection with that conviction only if they have been exonerated on

3

direct appeal, through post-conviction relief, or otherwise." *See Gray v. Skelton*, 595 S.W.3d 633, 635 (Tex. 2020). Rushing argued that Davis could not satisfy this rule because he had not been exonerated, as demonstrated by Davis's own live pleading, which Rushing attached to his motion.

As for his second point, Rushing argued that if all of Davis's causes of action were just a single claim of legal malpractice, then this claim must fail for the alternative reason that Davis has no expert witness, which is necessary in cases of professional negligence. In support of this argument, Rushing attached to his motion Davis's own discovery responses, in which Davis admitted that he had no experts.

Davis filed a response, but the trial court ruled in favor of Rushing and disposed of Davis's entire suit. The trial court expressly concluded in its final judgment that "all of Plaintiff's causes of action stem from a claim of legal malpractice," and that the claim "fails as a matter of law." The trial court followed this conclusion with a direct citation to *Peeler* and to two intermediate court opinions applying *Peeler*. The trial court did not indicate whether it was also basing its decision on Rushing's argument that Davis lacked an expert witness.

Davis now appeals from this judgment.

## ANALYSIS

As the party challenging the trial court's judgment, Davis has the burden of presenting a clear and concise argument, with appropriate citations to authorities and to the record, for showing why the judgment should be reversed. *See* Tex. R. App. P. 38.1(i). To that end, Davis raises three issues in his brief. In his first issue, he challenges the applicability of *Peeler*, which was directly cited in the trial court's judgment. And in his second and third issues, he argues that he had no burden to produce expert testimony, or in the alternative, that he actually produced such

4

testimony, both of which are issues that relate to arguments made by Rushing but on which the trial court did not affirmatively comment in its judgment.

Davis does not raise a fourth issue challenging the trial court's conclusion that he had impermissibly fractured a claim for legal malpractice into other causes of action. In fact, Davis does not even use the word "fracturing" in his brief. However, he indirectly suggests that his other claims were not subject to the rule against fracturing in the following sentence: "Nonetheless, even if the malpractice claim was denied completely, Appellant held other claims that held disputed facts and to dismiss them all was improper." Davis never expands on this sentence though. He does not identify which of his remaining claims should have survived summary judgment, nor does he explain what facts made them separable from his malpractice claim. He also fails to cite to any authority, which was his burden. Because of this inadequate briefing, we conclude that Davis has waived any argument to the fracturing issue, and that we must accept the trial court's unchallenged conclusion that all of Davis's causes of action are just a relabeled claim for legal malpractice. *See Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490, 493 (Tex. 1996) (per curiam) (arguments not raised are waived).

Davis still argues in first issue that the trial court erred by disposing of his case under *Peeler*. In making this argument, Davis does not contend that he produced evidence of exoneration, which is necessary under *Peeler*. Instead, Davis contends in two separate points that *Peeler* is wholly inapplicable.

In the first point, Davis argues that, instead of *Peeler*, this case should be controlled by *Roe v. Flores-Ortega*, 528 U.S. 470 (2000). Like this case, *Roe* also involved an attorney who had failed to file a notice of appeal, but unlike this case, the criminal convict was not suing his attorney in an effort to collect monetary damages. Rather, the criminal convict was seeking to set aside his conviction under

a claim of ineffective assistance of counsel, and the issue presented was how to evaluate that claim. *Id.* at 473 ("In this case we must decide the proper framework for evaluating an ineffective assistance of counsel claim, based on counsel's failure to file a notice of appeal without respondent's consent."). Davis, by contrast, has not sought to set his aside conviction in this case. His suit against Rushing is purely civil. We conclude that *Roe* has no application here.

In his second point, Davis argues that *Peeler* should not apply because that case involved a claim between a criminal convict and her plea counsel, whereas this case involves a claim between a criminal convict and his post-conviction counsel. This court has already rejected that exact argument. *See Meullion v. Gladden*, No. 14-10-01143-CV, 2011 WL 5926676, at *3–4 (Tex. App.—Houston [14th Dist.] Nov. 29, 2011, no pet.) (mem. op.) (overruling an argument that *Peeler* should not apply to a claim for legal malpractice against a criminal convict's habeas corpus counsel).

Because Davis did not present any evidence of exoneration or otherwise show that *Peeler* did not apply, we conclude that he failed to demonstrate that the trial court committed any error in granting Rushing's motion for summary judgment. *See Shepherd v. Mitchell*, No. 05-14-01235-CV, 2016 WL 2753914, at *2 (Tex. App.—Dallas May 10, 2016, pet. denied) (mem. op.) ("Because we agree with the trial court that this case is controlled by *Peeler* and because Shepherd failed to show that he had been exonerated of the crimes for which he was convicted, the trial court's conclusion that Shepherd could not pursue his professional malpractice claims against his former attorney was legally sound.").

In light of this conclusion, we need not consider Davis's remaining arguments concerning the necessity or existence of expert testimony. *See* Tex. R. App. P. 47.1.

# CONCLUSION

The trial court's judgment is affirmed.

/s/    Tracy Christopher
       Chief Justice

Panel consists of Chief Justice Christopher and Justices Wise and Hassan.