**Reversed and Rendered and Memorandum Opinion filed March 3, 2026.**



**In The**

# Fifteenth Court of Appeals

---

### NO. 15-25-00038-CV

---

**UNIVERSITY OF TEXAS AT ARLINGTON, Appellant**

**V.**

**JAMES MCMERCHANT, Appellee**

---

**On Appeal from the 236th District Court**
**Tarrant County, Texas**
**Trial Court Cause No. 236-337930-22**

---

### MEMORANDUM OPINION

Appellant University of Texas at Arlington (UTA) appeals the denial of its plea to the jurisdiction, contending that Appellee James McMerchant failed to timely file his discrimination charge with the Equal Employment Opportunity Commission (EEOC) prior to filing suit, thus failing to exhaust his administrative remedies. We agree and therefore reverse the district court's denial of UTA's plea to the jurisdiction and render judgment dismissing this action.

# BACKGROUND

UTA hired McMerchant, an African American male, in 2015 as a Warehouse Worker II. In 2016, UTA asked McMerchant to assist in the Mail Services Department, and he was working in that department exclusively by 2017. McMerchant claims that in 2017, he was promoted to a Mail Carrier II position, but UTA did not change his title or raise his pay until October 2020, after a hiring freeze was lifted.

On January 13, 2021, McMerchant dually filed a Charge of Discrimination (Charge) with the EEOC and the Civil Rights Division of the Texas Workforce Commission (TWCCRD). His Charge, in full below, contained several allegations of discrimination regarding UTA's alleged failure to promote McMerchant:

> Mr. McMerchant is an African-American male who is currently employed as a Mail Carrier II. In 2017, Mr. McMerchant was promoted from a warehouse worker to a Mail Carrier II position. However, UTA failed to change his job title and give him the appropriate pay raise associated with his promotion. Mr. McMerchant has repeatedly brought up his concerns to his manager, Jason Welch as well as the human resources department to officially change his job title and increase his pay to reflect his promotion. In 2019, Mr. Welch informed McMerchant that when another employee by the name of C.W. Gayle left his position, his pay would be adjusted to his job as a Mail Carrier II. In 2016, UTA hired Mr. Derek Gieralt, a white male, as a Warehouse Worker, but after seven months was promoted to Mail Carrier II. To date, Mr. McMerchant's job title does not reflect his current job duties and Mr. McMerchant has been grossly underpaid.

McMerchant contends he was discriminated against on the basis of race and age.[1] The TWCCRD issued a notice of right to file civil action in August 2022.

McMerchant then filed suit against UTA in October 2022 for discrimination

---

[1] UTA disputes these allegations, but we will assume they are true for purposes of our analysis.

based on race under Title VII of the Civil Rights Act of 1964. UTA filed a motion for summary judgment and a plea to the jurisdiction, contending, among other things, that McMerchant's suit must be dismissed for lack of jurisdiction because his Charge was not timely filed with the EEOC and, as a result, he had failed to exhaust his administrative remedies. The trial court denied UTA's motions, and UTA filed this interlocutory appeal of the district court's denial of its plea to the jurisdiction.[2]

## STANDARD OF REVIEW

A plea to the jurisdiction is a dilatory plea that challenges the trial court's subject-matter jurisdiction without regard to whether the asserted claims have merit. *Texas Dep't of Parks & Wildlife v. Miranda*, 133 S.W.3d 217, 226 (Tex. 2004). Whether a court has jurisdiction is a question of law, *City of Conroe v. San Jacinto River Auth.*, 602 S.W.3d 444, 451 (Tex. 2020), and we review a trial court's ruling on a plea to the jurisdiction de novo, *Houston Belt & Terminal Ry. v. City of Houston,* 487 S.W.3d 154, 160 (Tex. 2016). When considering a plea to the jurisdiction, our analysis begins with the live pleadings. *Heckman v. Williamson Cnty.*, 369 S.W.3d 137, 150 (Tex. 2012). We first determine if the pleader has alleged facts that affirmatively demonstrate the court's jurisdiction to hear the case. *Miranda*, 133 S.W.3d at 226. In doing so, we construe the pleadings liberally in favor of the plaintiff, and unless challenged with evidence, we accept all allegations as true. *Id.* at 226–27. The plea must be granted if the plaintiff's pleadings affirmatively negate the existence of jurisdiction or if the defendant presents undisputed evidence that negates the existence of the court's jurisdiction. *Heckman*, 369 S.W.3d at 150.

---

[2] McMerchant's brief argues why this Court should affirm the district court's denial of UTA's motion for summary judgment. UTA did not appeal that ruling (nor could it in this interlocutory appeal), and it is not before us. Nevertheless, that issue is moot given our disposition of this appeal.

## ANALYSIS

Title VII of the Civil Rights Act of 1964 prohibits discrimination by employers against employees "because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a). Before filing a claim in court under this statute, a plaintiff generally is required to file a charge with the EEOC within 180 days of the alleged unlawful employment practice, although under some circumstances the plaintiff has 300 days. 42 U.S.C. § 2000e-5(b), (e)(1); *Nat'l R.R. Passenger Corp. v. Morgan*, 536 U.S. 101, 109 (2002). In Texas, this timely filing requirement is a statutory prerequisite to suit, and if a plaintiff fails to meet this requirement, it is considered a jurisdictional bar to suit because of a failure to exhaust administrative remedies. *Prairie View A & M Univ. v. Chatha*, 381 S.W.3d 500, 510 (Tex. 2012).

Each discrete incident of discrimination and each adverse employment decision—such as a failure to promote—constitutes a separate actionable unlawful employment practice. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114. Discrete discriminatory acts are not actionable if time-barred, and each discrete discriminatory act starts a new clock for filing charges alleging that act. *Id.* at 113. Discrete acts that fall within the statutory time period do not make timely those acts that fall outside the time period. *Id.* at 112.

Even assuming the longer 300-day filing time limit for filing his EEOC Charge applies,[3] McMerchant did not timely file his Charge. March 19, 2020, is three hundred days before he filed his Charge on January 13, 2021. Thus, any discrete discriminatory acts occurring before then are time-barred. His first allegation is that he did not receive a new job title or the associated pay raise in

---

[3] The parties do not agree on whether the 180-day or the 300-day period applies and supply no briefing in that regard. For the sake of our analysis, we will assume without deciding that the longer, 300-day period applies.

2017. His second is that Gieralt, a white male, was instead promoted in 2017 to a Mail Carrier II position. And his third is that in 2019, his supervisor told him that when another employee retired, McMerchant's title and pay would be adjusted to the proper rate. Assuming without deciding that each of these actions is a discrete discriminatory event, each of them occurred, at the latest, more than 300 days before McMerchant filed his EEOC Charge.

McMerchant argues that the "continuing violation" doctrine applies to extend the time limitation. McMerchant contends UTA continuously discriminated against him from 2017 through October 2020, when he was given the promotion and a raise. Therefore, according to McMerchant, the clock for filing his Charge did not start until October 2020, when he was promoted and received a raise, making his January 2021 Charge filing timely. We disagree.

The continuing violation doctrine does not apply to McMerchant's failure to promote claims. The United States Supreme Court has made clear that the time period for filing a charge runs from each discrete, discriminatory act. *Nat'l R.R. Passenger Corp.*, 536 U.S. at 113. The continuing violation doctrine applies only in situations where an unlawful employment practice manifests itself over time, rather than as a series of discrete acts. *Santi v. Univ. of Tex. Health Science Ctr. at Houston*, 312 S.W.3d 800, 804–05 (Tex. App.—Houston [1st Dist.] 2009, no pet.). Accordingly, a claim of hostile work environment is a continuing violation, while "termination, failure to promote, denial of transfer, or refusal to hire," are discrete acts. *Id.* (quoting *Nat'l R.R. Passenger Corp.*, 536 U.S. at 114).

The discrete acts of discrimination McMerchant complains about in his Charge occurred—at the latest—in 2019. McMerchant contends that because he was not given the correct job title or a pay raise until October 2020, the time for filing his charge did not begin until then. McMerchant's Charge, however, mentions no discrete act of discrimination after 2019. *See Specialty Retailers, Inc.*

*v. DeMoranville,* 933 S.W.2d 490, 493 (Tex. 1996) (concluding that time period for charge begins when employee is informed of discriminatory action and not on unspecified dates of discriminatory action's consequences); *see also Santi*, 312 S.W.3d at 805 ("'The crucial element of a charge of discrimination is the factual statement contained' in the administrative complaint." (quoting *Bartosh v. Sam Houston State Univ.*, 259 S.W.3d 317, 321 (Tex. App.—Texarkana 2008, pet. denied)). And it is clear from his Charge that McMerchant knew of the alleged discrimination well before 2019.

McMerchant's time clock for filing a Charge began no later than at the end of 2019, well over 300 days before he filed his Charge in January 2021. Because he did not timely file his Charge, McMerchant failed to exhaust his administrative remedies as required, and the district court erred in denying UTA's plea to the jurisdiction.

## CONCLUSION

We reverse the district court's order denying UTA's plea to the jurisdiction and render judgment dismissing McMerchant's claims.

/s/*Scott K. Field*
Scott K. Field
Justice

Before Chief Justice Brister and Justices Field and Farris.

6