**Ray P. REEVES, Appellant,**

v.

**HOUSTON LIGHTING AND POWER CO., and Houston Industries Incorporated, Appellees.**

No. 01–99–00002–CV.

Court of Appeals of Texas, Houston (1st Dist.).

Sept. 30, 1999.

Mark E. Roberts, Houston, for Appellant.

Shira R. Yoshor, Maria Wyckoff Boyce, Judy Yi-Li Liu, Houston, for Appellee.

Panel consists of Justices O'CONNOR, WILSON, and ANDELL.

## OPINION

MICHOL O'CONNOR, Justice.

Ray Reeves, the plaintiff below and appellant here, appeals from a summary judgment rendered in favor of Houston Lighting and Power Company (HL & P) and Houston Industries Incorporated, the defendants below and appellees here. The plaintiff sued the defendants, alleging discrimination and wrongful discharge. The trial court rendered summary judgment for the defendants based on their contention that the plaintiff's claim was barred by the statute of limitations. We affirm.

## Background

While working for HL & P, the plaintiff filed three unrelated workers' compensation claims. The first claim was filed in July 1989, the second in December 1990, and the third in April 1993. The defendants disputed the April 1993 claim. On September 10, 1993, the defendants hand-delivered a letter to the plaintiff that stated, in part, as follows:

> Effective September 3, 1993 you exhausted your available paid absence time and have been placed on excused unpaid status. According to Company policy, if any excused unpaid absence exceeds thirty (30) calendar days the employee will be discharged, unless approved for Personal Leave of Absence (LOA) or Long Term Disability (LTD).
>
> Enclosed is an application for LOA and a Preliminary Statement of Disability, for your convenience.
>
> Should you wish to apply for LOA, the completed form, with a physician's statement indicating the necessity for LOA and a probable length of absence must be submitted to me no later than September 24, 1993.
>
> If you wish to apply for LTD, have your attending physician complete the physician's statement on the back of the Preliminary Statement of Disability form. The completed form should be submitted to Health Services, 14th floor, in the Electric Tower. Please contact Marjorie Landry, Supervisor, Health Services at 220–5446 if you have any questions regarding filing for LTD benefits.

The letter was dated September 3, 1993 and signed by the plaintiff's supervisor, W.D. Burleson. Following is a chronology of events:

| DATE | EVENT |
|---|---|
| 9-3-93 | The plaintiff was placed on excused unpaid status. |
| 9-10-93 | The defendants hand-delivered the letter to the plaintiff. |
| 9-24-93 | Deadline to apply for LOA. |
| 9-24-93 | The plaintiff applied for long term disability. |
| 10-18-93 | The plaintiff was fired. |
| 10-22-93 | The plaintiff applied for a personal leave of absence. |
| 10-17-95 | The plaintiff filed his lawsuit. |

The plaintiff sued the defendants, alleging he (1) was subjected to harassment and discrimination for attempting to collect benefits under the Workers' Compensation Act and (2) was discharged in retaliation for filing the workers' compensation claims. He alleged the harassment and discrimination included being required to use sick leave, vacation, and personal time to recuperate after he filed the April 1993 claim.

The defendants moved for summary judgment, asserting the plaintiff's suit was time-barred because (1) his claim was based on HL & P's treatment between 1989 and May 1993 and (2) he was unequivocally informed of his termination on September 10, 1993. Because the plaintiff did not file suit until October 17, 1995, the defendants conclude the two-year statute of limitations barred his claims. The trial court rendered summary judgement in favor of the defendants.

## Statute of Limitations

In point of error one, the plaintiff asserts the trial court erred because it should have held the statute of limitations began to accrue on October 18, 1993, the date he was told of his termination.[1] Thus, the plaintiff contends the two-year statute of limitations had not accrued when he filed his original petition.

The parties rely on two cases to support their arguments, *Specialty Retailers, Inc. v. DeMoranville*, 933 S.W.2d 490 (Tex. 1996) and *Johnson & Johnson Medical, Inc. v. Sanchez*, 924 S.W.2d 925 (Tex.1996). The defendants rely on *DeMoranville* for their contention that the plaintiff received notice of his termination on September 10, 1993; therefore, the limitations period began to run from that date. The plaintiff relies on *Sanchez* for the proposition that, if the statute of limitations began to run on a date earlier than his termination date, then notice of the termination must be unequivocal. He asserts he did not receive unequivocal notice of his termination until he was actually fired on October 18, 1993; therefore, his lawsuit was timely.

In *DeMoranville*, Lorraine DeMoranville filed an age discrimination lawsuit against her employer, alleging her supervisor favored younger workers. She claimed that stress from the alleged discrimination caused her to take a medical leave of absence on April 8, 1991. On May 10, 1991, her employer informed her that, under company policy, she would be fired if her leave lasted longer than a year. When she did not return to work within the allotted time, she was terminated on May 1, 1992. DeMoranville filed her com-

1. On appeal, the plaintiff does not complain that the trial court erred in finding that his claim based on the alleged harassment and discrimination during 1989 to 1993 was time-barred.

plaint on June 2, 1992. DeMoranville's employer moved for summary judgment on the ground that her claim was barred by the statute of limitations because her claim accrued on May 10, 1991. DeMoranville asserted her claim was not barred because she was actually fired on May 1, 1992.

The Texas Supreme Court concluded the basis of DeMoranville's complaint was the treatment she received while working because her petition alleged acts she thought constituted age discrimination. *DeMoranville*, 933 S.W.2d at 493. The Court determined that her termination was merely the effect of that discrimination. *Id.* The Court held that, even if her termination was a discriminatory act, the statute of limitations began to accrue when she was notified on May 10, 1991 that she would be terminated if she did not return to work within one year of the start of her medical leave. *Id.* The Court stated, "The limitations period begins when the employee is informed of the allegedly discriminatory employment decision, not when that decision comes to fruition." *Id.*

In *Sanchez*, Martha Sanchez experienced a work-related injury on April 10, 1987 and shortly thereafter she began a medical leave of absence. On November 20, 1987, her employer placed her on "indefinite medical layoff," but told her she had recall rights. On several occasions, other employees told Sanchez she would be recalled for the next available job. When her employer never called her back to work, she filed suit on April 1, 1991, alleging retaliatory discharge in violation of the Workers' Compensation Act. Her employer moved for summary judgment, which was granted when the trial court concluded Sanchez's claim was barred by the statute of limitations. *Sanchez*, 924 S.W.2d at 927.

The Texas Supreme Court noted that, when determining the time at which a cause of action accrues in discrimination cases, the proper focus is on the time of the discriminatory act, not the time at which the consequences of the act result in termination. *Id.* at 929. The Court held, "A cause of action for wrongful termination ... accrues when the employee receives unequivocal notice of his or her termination or when a reasonable person should have known of his or her termination." *Id.* at 928. Because the phrase "indefinite medical layoff" was not synonymous with termination and Sanchez was repeatedly told she could be recalled, the Court determined there was a fact issue as to when Sanchez should have reasonably known that she had been terminated for illegitimate reasons. *Id.* at 928–29.

Here, the defendants assert the September 10, 1993 notice was unequivocal because the letter notified the plaintiff that, if he did not obtain approval for either a personal leave of absence or long term disability by October 3, 1993, he would be fired. The plaintiff asserts there are fact issues as to whether he knew or reasonably should have known as of September 10, 1993 that he would be fired.

First, the plaintiff claims the language in the letter stating "if any excused unpaid absence exceeds thirty (30) calendar days the employee will be discharged, unless approved for Personal Leave of Absence (LOA) or Long Term Disability (LTD)" means that the 30 days began to run from the date of his last pay period. The plaintiff presented summary judgment evidence that he received a paycheck (albeit for only 28 cents) for the pay period ending September 19, 1993. He contends this means he was on *paid* leave until September 19, 1993.

We indulge every reasonable inference in favor of the plaintiff, assume all evidence favorable to him is true, and resolve any doubts in his favor. *Randall's Food Mkts., Inc. v. Johnson*, 891 S.W.2d 640, 644 (Tex.1995). If the 30–day period began to run from September 19, then the plaintiff had to obtain the appropriate approval by October 19, 1993. If the only ambiguity in the September letter was this

language, construing the language in the plaintiff's favor does not make the notice equivocal; it merely extends the deadline by which the plaintiff had to obtain the required approval to October 19, 1993. The plaintiff did not obtain the required approval by that date. Thus, the plaintiff did not raise a fact issue on whether the September 10 notice was unequivocal.

Second, the plaintiff contends Burleson told him the mere initiation of the approval process prevented his termination. There is no summary judgment evidence to support this contention. In his brief on appeal, the plaintiff refers to a page from Burleson's deposition, which he claims was attached as an appendix to his brief. The plaintiff did not attach this page to his brief, but even if he had, we would not consider it on appeal. *RWL Constr., Inc. v. Erickson,* 877 S.W.2d 449, 451 (Tex.App.—Houston [1st Dist.] 1994, no writ) (appellate court must hear and determine case on the record as filed, and cannot consider documents attached as exhibits or appendices to briefs or motions). Further, a review of the record reveals that the deposition page was not before the trial court; therefore, we will not consider it on appeal. *Id.* Because the plaintiff did not provide the trial court with summary judgment evidence in support of his contention, no fact issue was raised.

We overrule points of error one and three, and we need not address the plaintiff's remaining points of error.[2]

We affirm the trial court's judgment.

---

**2.** The plaintiff's remaining points of error assert that (1) he proved his prima facie case against the defendants and (2) his medical condition did not justify his termination on non-discriminatory grounds. Neither of these grounds were the subject of the defendants' motion for summary judgment (and the plaintiff did not himself move for summary judgment); therefore, these points of error are not properly before us.